IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMILI BLAKE,<br><br>       Plaintiff,<br><br>v.<br><br>ADAPTHEALTH LLC d/b/a<br>MEDBRIDGE HOME MEDICAL,<br><br>       Defendant. | CIVIL ACTION FILE NO.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiff, Amili Blake, by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against AdaptHealth LLC d/b/a MedBridge Home Medical ("Defendant"), and states as follows:

### I. JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Count I of this Complaint, which arises out of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA").

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over

Count II of this Complaint, which arises out of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII").

3. Plaintiff exhausted all administrative remedies in this matter. *Dismissal and Notice of Rights*, Ex. 1.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II. PARTIES

5. Plaintiff is a citizen of the United States and a resident of Fayette County, Georgia.

6. Defendant is a Foreign Limited Liability Company doing business in the state of Georgia, with a principal office located at 220 W. Germantown Pike, Suite 250, Plymouth Meeting, Pennsylvania 19462.

7. Defendant may be served by delivering a copy of the Complaint and Summons to its Registered Agent, c/o United Corporate Services, Inc., 4228 First Avenue, Suite 10, Tucker, Georgia 30084.

8. This Court has jurisdiction over the parties because a substantial portion of the employment practices described herein were committed within the Atlanta Division of the Northern District of Georgia.

9. Defendant is subject to the requirements of the laws enumerated in the

Jurisdiction and Venue section of this Complaint.

### III. FACTUAL ALLEGATIONS

10. Plaintiff is male.

11. Plaintiff was employed by Defendant from February 20, 2019, until his termination on January 19, 2020.

12. Defendant offers respiratory therapy services to patients in North Carolina, South Carolina, Georgia, North Dakota, South Dakota, Minnesota, and Colorado.

13. At the time of his termination, Plaintiff's main place of employment was at 6160 Peachtree Dunwoody Road NE, Suite A-100, Sandy Springs, Georgia 30328 (the "facility").

14. During all time periods relevant to this Complaint, Plaintiff was employed by Defendant as a Respiratory Therapist.

15. From the onset of his employment through his termination, Plaintiff reported to Mr. Corey Henderson, Area Manager.

16. Plaintiff is a veteran of the United States Army, serving from 1992 to 1994 and 2001 to 2004.

17. Due to his military service, Plaintiff has a medical history which includes a neck injury, pinched nerves, and a bulging disk.

18. In August 2019, Plaintiff began suffering from migraines due to his existing medical conditions.

19. As the flare-up in his condition necessitated trips to the doctor and new prescription medication, Plaintiff kept Defendant, specifically Director of Human Resources Ms. Kendra Yates, informed of his medical condition.

20. After an MRI and referral to a neurologist in September 2019, Plaintiff submitted a notice of resignation to Defendant due to his poor health.

21. After discussions with Ms. Yates, Plaintiff rescinded his resignation and advised Defendant that he would take short term disability ("STD") while he worked to manage his condition.

22. Plaintiff was on STD from approximately September 4, 2019, through October 2019.

23. On or about October 16, 2019, Plaintiff returned to work, yet his symptoms subsequently returned.

24. Plaintiff's doctor advised that he required additional time to address Plaintiff's condition.

25. Plaintiff again took STD, scheduled to run from October 2019 through December 2019.

26. In the midst of this medical leave, Ms. Yates indicated to Plaintiff that she did not know if he still wished to work for Defendant.

27. Plaintiff informed Ms. Yates that he indeed wished to continue his employment with Defendant.

28. Ms. Yates advised Plaintiff to speak with third-party provider, Tristar, to ensure that Plaintiff's job was safe.

29. Plaintiff communicated with Tristar regarding his leave and condition.

30. In December 2019, Plaintiff advised Ms. Yates that he was cleared to return to work by his doctors and that he was set to return on December 16, 2019.

31. In conjunction with his return, Plaintiff's doctor sent a request for necessary accommodations, including an ergonomic desk.

32. Plaintiff returned to work on December 16, 2019, as scheduled.

33. Upon his return, Plaintiff discovered that the locks had been changed at the facility.

34. Upon speaking to Mr. Henderson, Plaintiff was advised that he was not cleared to return to work and was not permitted on the premises.

35. Plaintiff spoke with Ms. Yates, who advised Plaintiff that his job was secure, emailing confirmation of such.

36. Two weeks later, Ms. Yates called Plaintiff and informed him that Defendant hired someone to replace Plaintiff in September 2019.

37. Defendant terminated Plaintiff's employment on January 19, 2020.

38. Upon information and belief, Plaintiff was replaced by a non-disabled employee.

39. Another Respiratory Therapist (the "Therapist") employed by Defendant was also on leave during the same time period as Plaintiff.

40. The Therapist is female.

41. The Therapist had the same supervisory chain as Plaintiff.

42. The Therapist had the same duties as Plaintiff.

43. Like Plaintiff, the Therapist was not eligible for leave pursuant to the Family and Medical Leave Act ("FMLA").

44. Plaintiff and Therapist were similarly-situated in all respects as to the terms and conditions of their employment.

45. Unlike Plaintiff, the Therapist was on leave for a reason unrelated to an ADA disability.

46. The Therapist was allowed to return from leave the same day Plaintiff attempted to return to work.

47. The Therapist was not terminated by Defendant.

48. Plaintiff filed claims with the Equal Employment Opportunity Commission, Charge Number 410-2020-02358.

49. Plaintiff received his Dismissal and Notice Rights from the EEOC, dated December 8, 2020.

## IV. CLAIMS FOR RELIEF

## COUNT I: ADA DISCRIMINATION

50. Plaintiff incorporates by reference paragraphs 1-49 of his Complaint as if fully set forth herein.

51. Plaintiff is a qualified individual with a disability. *Paras. 17-19.*

52. Defendant was aware of Plaintiff's disability. *Paras. 19-21.*

53. Plaintiff suffered the adverse action of termination. *Para. 37.*

54. The replacement of Plaintiff with someone outside of his protected class serves as evidence of a discriminatory animus. *Para. 38.*

55. The disparate treatment between Plaintiff and his non-disabled comparator (Therapist) serves as evidence of a discriminatory animus. *Paras. 39-47.*

56. Defendant's legitimate business reason is illegitimate. *Paras. 39-47.*

-8-

## COUNT II: TITLE VII DISCRIMINATION

57. Plaintiff incorporates by reference paragraphs 1-56 of his Complaint as if fully set forth herein.

58. Plaintiff is a member of a protected class by virtue of his gender. *Para. 10.*

59. During all time periods relevant to this Complaint, Defendant was aware of Plaintiff's gender.

60. Plaintiff suffered the adverse action of a termination. *Para. 37.*

61. The disparate treatment between Plaintiff and his female comparator (Therapist) serves as evidence of a discriminatory animus. *Paras. 39-47.*

62. Defendant's legitimate business reason is illegitimate. *Paras. 39-47.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Declaratory relief;

b. Actual and compensatory damages in an amount to be determined by the enlightened conscience of a jury;

c. Punitive damages; and

d. Attorney's fees, costs of litigation and any other relief the Court deems

just and proper.

Respectfully submitted this 5th of March, 2021.

                                    THE KIRBY G. SMITH LAW FIRM, LLC

                                     s/Amanda M. Brookhuis
                                    Amanda Brookhuis
                                    Georgia Bar No. 601396
                                    Kirby G. Smith
                                    Georgia Bar No. 250119
                                    *Attorneys for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com

## **JURY DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 5th of March, 2021.

                                                THE KIRBY G. SMITH LAW FIRM, LLC

                                                s/Amanda M. Brookhuis
                                                Amanda Brookhuis
                                                Georgia Bar No. 601396
                                                Kirby G. Smith
                                                Georgia Bar No. 250119
                                                *Attorney for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com

## **FONT AND POINT CERTIFICATION**

The Undersigned counsel for Plaintiff certifies that the within and foregoing COMPLAINT was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

Respectfully submitted this 5th of March, 2021.

        THE KIRBY G. SMITH LAW FIRM, LLC

        s/Amanda M. Brookhuis
        Amanda Brookhuis
        Georgia Bar No. 601396
        Kirby G. Smith
        Georgia Bar No. 250119
        *Attorney for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com