**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| NICOLE WIESEN,<br><br>Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION, LLC,<br><br>Defendants. | Civil Action No.:<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT<br><br><u>DEMAND FOR JURY TRIAL</u> |

Plaintiff Nicole Wiesen ("Plaintiff") brings this action against defendants Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("TransUnion"), and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

## I. NATURE OF THE ACTION

1. This is an action to recover damages for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.* ("FCRA"), a statute that, among other things, offers protection and recourse for victims of identity theft.

2. In or about August 2020, Plaintiff learned that she was the victim of identity theft, and that the identify thief fraudulently used her personal identifying information on multiple occasions to apply for credit from several different financial institutions.

3. These fraudulent credit applications were reflected on Plaintiff's credit reports as "hard inquiries,"[1] which caused Plaintiff's credit score to plummet.

[1] A hard inquiry is a notation on a consumer's credit file that the consumer's credit report was requested and received by a third party – usually a lender or another financial institution. Hard

4.      Plaintiff notified Defendants in writing that she was the victim of identity theft and asked that the fraudulent hard inquiries be investigated and removed from her credit report.

5.      Defendants, however, refused to investigate or remove the fraudulent hard inquiries.

6.      As a result of Defendants' misconduct, Plaintiff has suffered a decreased credit score, the loss of ability to purchase and benefit from credit, and the aggravation and humiliation of a poor credit score.  Accordingly, Plaintiff is entitled to damages.

## II.   JURISDICTION AND VENUE

7.      The claims asserted in this complaint arise under 15 U.S.C. §§1681e and 1681i of the FCRA.  Jurisdiction is proper under 28 U.S.C. §1331 and 15 U.S.C. §1681p.

8.      Venue is proper under 28 U.S.C. §1391(b)(2) since a material portion of the events or omissions giving rise to the claim occurred in this District.

## III.   PARTIES

9.      Plaintiff resides in Atlanta, Georgia, and qualifies as a "consumer" as defined and protected by the FCRA.

10.      Defendant Equifax is a Georgia corporation headquartered in this District.  Equifax qualifies as a "consumer reporting agency" under the FCRA.

11.      Defendant Experian is a California corporation that regularly conducts business in this District.  Experian qualifies as a "consumer reporting agency" under the FCRA.

12.      Defendant TransUnion is an Illinois corporation that regularly conducts business in this District.  TransUnion qualifies as a "consumer reporting agency" under the FCRA.

---

inquiries are included on credit reports sold to prospective lenders and adversely impact a consumer's credit score.

## IV. SUBSTANTIVE ALLEGATIONS

### A. Defendants Violated the FCRA by Reporting Fraudulent Hard Inquiries on Plaintiff's Credit Reports and Failing to Investigate and Remove The Reporting

13. In or around August 2020, an identity thief used Plaintiff's identity to fraudulently apply for credit from multiple different financial institutions, including Credit/South Atlantic, Capital One Auto Financing, Credit Acceptance, Exeter Finance LLC, Global Lending Service, Comenity Bank, and Santander Consumer USA.

14. The fraudulent credit applications were reflected on Plaintiff's Experian, Equifax, and TransUnion credit reports, which adversely affected Plaintiff's credit score.

15. In early 2020, Plaintiff obtained copies of her credit reports from Experian, Equifax, and TransUnion, and noticed the unfamiliar hard inquiries purportedly stemming from Plaintiff's efforts to secure credit.

16. Plaintiff, however, did not apply for credit from any these institutions, and did not authorize any of the fraudulent hard inquiries reflected on her credit reports.

17. On February 23, 2021, Plaintiff submitted separate written disputes to Defendants' respective FCRA compliance departments. The letters identified each fraudulent hard inquiry, and stated, in pertinent part, as follows:

> I recently reviewed my credit report and found unauthorized inquiries.
>
> I contacted the below creditors and they have **NO proof I initiated such inquiries, nor written authorization and have failed to provide any permissible purpose.** Since, they do not have my authorization, written nor verbal I ask that you DELETE these authorized inquiries from my credit report immediately as there is no evidence of any authorization, nor any permissible purpose. (emphasis in original).

18. The receipt of these dispute letters triggered each Defendant's statutory obligations to conduct an investigation and remove the fraudulent hard inquiries from Plaintiff's credit report.

19.     Equifax failed to conduct an investigation and failed to remove the inaccurate hard inquiries from Plaintiff's credit report.  Specifically, on March 17, 2021, Plaintiff obtained a copy of her Equifax credit report.  The report showed Equifax was continuing to report fraudulent hard inquiries from Credit/South Atlantic and Capital One Auto Financing.  Plaintiff's dispute letter had specifically identified these hard inquiries as fraudulent.

20.     Experian failed to conduct an investigation and failed to remove the fraudulent hard inquiries from Plaintiff's credit report.  Specifically, on March 9, 2021, Plaintiff obtained a copy of her Experian credit report. The report showed Experian was continuing to report fraudulent hard inquiries from Credit/South Atlantic, Capital One Auto Financing, Credit Acceptance, DT Credit, Exeter Finance LLC, Global Lending Service, Comenity Bank, and Santander Consumer USA. These hard inquiries were specifically identified as fraudulent in Plaintiff's dispute letter.

21.     TransUnion failed to conduct an investigation and failed to remove the fraudulent hard inquiries from Plaintiff's credit report.  Specifically, on March 17, 2021, Plaintiff obtained a copy of her TransUnion credit report. The report showed TransUnion was continuing to report a fraudulent hard inquiry from Capital One Auto Financing.  Plaintiff has specifically identified this account as fraudulent in her dispute letter.

22.     Defendants failure to investigate and remove the fraudulent hard inquiries violated the FCRA, adversely affected Plaintiff's credit score, and has prevented Plaintiff from obtaining additional credit.

23.     In February 2021, Plaintiff applied for credit from Republic Finance LLC but was denied based on the inaccurate information reported by Defendants.

24. In March 2021, Plaintiff requested a pre-approval for a mortgage from CIS/Bay Equity LLC. Plaintiff's request was denied based on the inaccurate information reported by Defendants.

25. Plaintiff has been forced to deal with the aggravation and humiliation of a poor credit score.

26. Accordingly, Plaintiff is entitled to damages.

## CAUSES OF ACTION

### COUNT I

### Against Defendants for Violating 15 U.S.C. §1681e and §1681i

27. Plaintiff incorporates the foregoing allegations as if set forth in full herein.

28. The FCRA imposes a duty on credit reporting agencies to devise and implement procedures to assure the "maximum possible accuracy" of credit reports. *See* 15 U.S.C. §1681e(b).

29. Upon receiving a consumer's dispute, credit bureaus are legally required to conduct an investigation and correct the disputed information contained in the report. *See id.* §1681i.

30. Defendants failed to follow reasonable procedures to ensure maximum possible accuracy of the information reported on Plaintiff's credit reports. Specifically, Defendants failed to follow reasonable procedures to ensure that fraudulent hard inquiries were promptly removed from Plaintiff's credit report.

31. Although Plaintiff disputed the inaccurate information in writing, Defendants willfully, or at least negligently, failed to perform a reasonable investigation and failed to correct the reporting. Had they performed a reasonable investigation, Defendants would have determined that the hard inquiries were unauthorized and fraudulent and had to be removed..

32. As a result of Defendants' statutory violations, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover statutory, actual, and punitive damages under 15 U.S.C. §1681n and §1681o.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands a judgment:

a) Awarding Plaintiff statutory money damages, actual damages, and punitive damages;

b) Awarding reasonable attorney's fees, expenses, and costs; and

c) Such other and further relief as this Court may deem necessary and proper

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: March 18, 2021

**THE OAKS FIRM**

*/s/ Misty Oaks Paxton, Esq.*
MISTY OAKS PAXTON, ESQ.
3895 Brookgreen Point
Decatur, Georgia 30034
Tel: (404) 725-5697
attyoaks@yahoo.com

**COHEN & MIZRAHI LLP**
MOSHE O. BOROOSAN
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
Telephone: 929/575-4175
929/575-4195 (fax)
moshe@cml.legal

*Attorneys for Plaintiff*